**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT GRADY and MONICA GRADY | ) | |
| 206 Church Road | ) | |
| Rockledge, PA 19046 | ) | |
| | ) | |
| vs. | ) | Civil Action No.: |
| | ) | |
| GERBER LEGENDARY BLADES, INC. | ) | |
| 14200 SW 72nd Avenue | ) | |
| Portland, OR 97224 | ) | |
| and | ) | |
| FISKARS BRANDS, INC. | ) | |
| 2537 Daniels Street | ) | |
| Madison, WI 53718 | ) | |

**COMPLAINT**

The Plaintiffs complain of the defendants and allege as follows:

***JURISDICTION***

1. The Plaintiffs, Robert Grady and Monica Grady, are natural persons and are citizens of the Commonwealth of Pennsylvania.

2. The Defendant, Gerber Legendary Blades, Inc., is a foreign corporation, incorporated in the State of Oregon, with its principal place of business at the captioned address.

3. The Defendant, Fiskars Brands, Inc., is a foreign corporation, incorporated in the State of Wisconsin, with a principal place of business at the captioned address.

4. This is an action for damages, in which the amount in controversy, exclusive of costs, interest, and attorney's fees, exceeds $150,000.00.

5. This Court has jurisdiction of this case pursuant to *28 U.S.C. § 1332*.

## *FACTS*

6. On October 2, 2009, the Plaintiff, Robert Grady, was clearing out brush with a Gerber Gator machete ("product") when his hand slipped resulting in the partial amputation of his thumb. He sustained serious and permanent tendon and ligament damage.

## *COUNT I: STRICT LIABILITY*

7. Plaintiffs reallege and incorporate paragraphs 1 through 6, inclusive.

8. At all times relevant to this action, Defendants, Gerber Legendary Blades, Inc. and Fiskars Brands, Inc., designed, manufactured, assembled, advertised, sold, distributed, and otherwise placed the machete in question into the stream of commerce with reasonable foreseeability that this product would be sold, purchased, and used in the Commonwealth of Pennsylvania.

9. The machete in question was defective when placed in the stream of commerce since it was unreasonably dangerous and defective for its intended use, which condition includes, but is not limited to, the following factors:

    a. Absence of adequate warnings;

    b. Misleading advertising;

    c. Defective design;

    d. Defective manufacture;

    e. Defective materials;

    f.    Failure to equip the design with some mechanism which would prevent the user's hand from coming into contact with the blade when the machete was used to "saw" material; and

    g.    Failure to warn users of the machete of the risk of injury when using the machete to saw material.

10.    These defects were jointly and severally the legal causes of Robert Grady's injuries.

11.    As a result of Robert Grady's injuries, he:

    a.    Has incurred and will continue to incur medical and related expenses,

    b.    Has been disabled from pursuing his career, has lost wages, and has lost future earning capacity,

    c.    Has experienced and will continue to experience mental and physical pain and suffering and diminished enjoyment of life.

WHEREFORE, plaintiff, Robert Grady, claims of Defendants herein damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

## *COUNT II: NEGLIGENCE*

12.    Plaintiffs reallege and incorporate paragraphs 1 through 11, inclusive.

13.    The Defendants, Gerber Legendary Blades, Inc. and Fiskars Brands, Inc., were negligent in the design, manufacture, assembly, failure to warn, and advertising of the machete in question.

14. The Defendants' negligence was the legal cause of Robert Grady's injuries.

15. As a result of Robert Grady's injuries, he:

   a. Has incurred and will continue to incur medical and related expenses,

   b. Has been disabled from pursuing his career, has lost wages, and has lost future earning capacity,

   c. Has experienced and will continue to experience mental and physical pain and suffering and diminished enjoyment of life.

WHEREFORE, plaintiff, Robert Grady, claims of Defendants herein damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

## COUNT III: BREACH OF WARRANTY

16. Plaintiffs reallege and incorporate paragraphs 1 through 15, inclusive.

17. All of the resultant losses, damages and injuries sustained by plaintiff resulted directly and proximately from defendants' breach of express and/or implied warranties of merchantability or fitness for a particular purpose in the following particulars:

   a. defendants did not have the product adequately, properly and/or timely tested prior to its use;

   b. the product was not of fair, average quality in the trade in which defendants dealt;

   c. the product was not fit for the ordinary purpose for which the product is customarily used;

       d.     the defendants knew or should have known that the product was dangerous and likely to cause damage to users;

       e.     the product was not of merchantable quality and was not in conformity, insofar as safety is concerned, with products used in a normal course of business;

       f.     the defendants knew or should have known that in order to make the product safe for use, it should have been provided with appropriate safety devices and/or safety features;

       g.     the defendants knew or should have known, that due to the inherently dangerous nature of the design of the product, it should have provided warnings on the product to protect users;

       h.     that the product was not properly and adequately tested and/or inspected by the defendants in order to provide a safe product;

       i.     the defendants did not provide, establish or follow proper and adequate quality control methods in the manufacture of the product so as to provide a safe product;

       j.     the defendants did not keep abreast of the state of the art in the science and engineering of the industry involving labeling and/or construction of the product;

       k.     the defendants did not disclose to the users of the product, such as plaintiff, that the product was defectively and/or unreasonably designed, thereby making the product dangerous to use;

       l.     the defendant knew or should have known that plaintiff was relying upon the expertise of the defendant in designing, fabricating, manufacturing, labeling and/or supplying the product;

       m.     in expressly or impliedly warranting that the product was properly and/or adequately tested and inspected when the same was not true;

       n.     in expressly or impliedly warranting that the product was safe for use;

       o.     in expressly or impliedly misrepresenting that the product was safe for use;

       p.     in expressly or impliedly warranting that the product was safe for use in compliance with the safety standards of the industry and of the federal government and the state, county and city governments insofar as said safety standards govern the design, fabrication and manufacture of said products.

18.     As a direct and proximate result of the breach of these express and/or implied warranties, plaintiff, Robert Grady, has suffered the injuries set forth herein.

19.     As a result of the above injuries, plaintiff has sustained the damages set forth herein.

### *COUNT IV: LOSS OF CONSORTIUM*

20.     The Plaintiff, Monica Grady, realleges and incorporates by reference paragraphs 1 through 19, inclusive.

21.     Presently and at the time of the incident that is the subject of this lawsuit, Monica Grady was and is the spouse of Robert Grady.

22.     Presently and at the time of the incident that is the subject of this lawsuit, and as a direct result of the injuries to Robert Grady, Monica Grady has and will be deprived of the services, companionship, and society of Robert Grady, and has been and will be forced to incur substantial expenses for his care and treatment.

WHEREFORE, plaintiff, Monica Grady, claims of Defendants herein damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

### *DESIGNATION OF TRIAL COUNSEL*

Brian P. McVan, Esquire is hereby designated as trial counsel.

### *JURY DEMAND*

Plaintiffs demand a trial by jury as to all issues.

Respectfully Submitted,

By: BPM3633
    Brian P. McVan, Esquire
    Attorney for Plaintiffs